ORDERED.

Dated: **January 24, 2020**

_____
Michael G. Williamson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                            Case No: 8:19-bk-08702-MGW
                                                                                          Chapter 7
Karen J Garcia

      Debtor(s)
_____/

ORDER (I) AUTHORIZING THE TRUSTEE TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND AUCTION.COM TO MARKET AND CONDUCT ONLINE SALES PURSUANT TO 11 U.S.C. §§ 327 AND 328 AND (II) AUTHORIZING THE TRUSTEE TO RETAIN CHARLES RUTENBERG REALTY INC AS LISTING AGENT PURSUANT TO 11 U.S.C. §§ 327 AND 328

THIS CAUSE came before the Court upon the Notice and Application of Richard Dauval, the Trustee in the above-captioned case ("Trustee"), to (I) *Retain BK Global Real Estate Services ("BKGRES") and Auction.com ("ADC") pursuant to 11 U.S.C. §§ 327 and 328* and (II) *Retain Roxana Argueta of Charles Rutenberg Realty Inc as Trustee's Listing Agent pursuant to 11 U.S.C. §§ 327 and 328* ("Application") (Dkt. No. 25). The Court, having reviewed and considered the Notice, Application, and Affidavits of Disinterestedness, and having found good and sufficient cause appearing therefor and the same to be in the best interest of Debtors and the creditors, hereby FINDS that:

A.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2).

B.    Venue of this Chapter 7 case and the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.    Notice of the Application was sufficient under the circumstances.

D. Based upon the foregoing findings of fact, it is hereby ORDERED that:

1. The Application is hereby **APPROVED**.

2. Defined terms not otherwise defined herein have the meanings given to them in the Application and the Affidavits.

3. The Trustee is authorized to retain BKGRES and ADC to market and conduct an Online Sale of the Property in the Debtor's Chapter 7 case pursuant to Sections 327 and 328(a) of the Bankruptcy Code, and Bankruptcy Rules 2014 and 2016, in accordance with the terms and conditions set forth in the Application and this Order.

4. BKGRES and ADC is each a disinterested person within the meaning of Bankruptcy Code Section 101(14).

5. BKGRES and ADC shall be compensated in accordance with the Application and such compensation shall not hereafter be subject to challenge except under the standard of review set forth in Section 328(a) of the Bankruptcy Code.

6. BKGRES and ADC are granted a waiver of all monthly, interim, and final fee application requirements otherwise applicable in this Chapter 7 case and BKGRES shall be authorized to receive and retain the Agent's Commission at the successful closing of the sale of the Property to a third party without necessity of further order of the Court and ADC shall be authorized to receive and retain the Buyer's Premium at the successful closing of the sale of the Property to a third party without necessity of further order of the Court.  The estate shall, in no circumstance, be obligated to directly compensate BKGRES or ADC.

7. The Trustee is authorized to retain the Listing Agent to facilitate open houses, showings, and communications with potential purchasers of the Property in the Debtor's Chapter 7 case pursuant to Sections 327 and 328(a) of the Bankruptcy Code, and Bankruptcy Rules 2014 and 2016, in accordance with the terms and conditions set forth in the Listing Agreement and this Order.

8. The Listing Agent is a disinterested person within the meaning of Bankruptcy Code Section 101(14).

9. The Listing Agent shall be compensated in accordance with the Listing Agreement and such compensation shall not hereafter be subject to challenge except under the standard of review set forth in Section 328(a) of the Bankruptcy Code.

10. The Listing Agent is granted a waiver of all monthly, interim, and final fee application requirements otherwise applicable in this Chapter 7 case and shall be authorized to receive and retain the Commission at the successful closing of the sale of the Property to a third party without necessity of further order of the Court. The estate shall, in no circumstance, be obligated to directly compensate the Listing Agent.

11. Notice of the Application was adequate and proper.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Richard M. Dauval, Esq., is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.